1
2
3
4
5
6
7
8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALLEN BRUMBAUGH, et al.,                    CASE NO. CV F 06-0225 AWI LJO

12                  Petitioners,              **FINDINGS AND  RECOMMENDATIONS
                                              TO DISMISS ACTION**
13          vs.

14   CALIFORNIA SUPERIOR COURT
     IN AND FOR THE COUNTIES OF
15   AMADOR, CALVERAS AND SANTA
     CLARA, et al,
16
                   Respondents.
17   _____/

18                          <u>**INTRODUCTION**</u>

19          On February 27, 2006, Allen Brumaugh and Andrew Roy Morris (collectively "plaintiffs") filed

20   voluminous papers, including a document styled as an ex parte petition for writs ("complaint") which

21   this Court construes as a complaint to seek to undo state court orders and proceedings by reference to

22   the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.  According to the complaint,

23   Allen Brumaugh purports to pursue claims for his two minor children ("minor children") identified only

24   by initials.  The complaint's caption lists numerous California courts, agencies and officials along with

25   officials of Calaveras and Amador counties.  However, the complaint specifically identifies the

26   following as "real parties of interest" and whom this Court construes as defendants:

27          1.       Calaveras and Amador County Superior Court judges John E. Martin, Richard K.

28                   Specchio, Donald Howard, Susan C. Harlan, David Richmond, James Bosco and

                                                 1

Dockets.Justia.com

1    Douglas V. Mewhinney (collectively "judicial defendants");

2    2.    Calaveras and Amador County district attorneys, deputy district attorneys and

3    investigators Todd D. Riebe, Jeffrey Tuttle, Milton Matehak, Lon D. Hamburger and

4    Ronald Rios and Calaveras County Counsel James C. Jones and Calaveras County

5    Assistant Counsel David E. Sirias (collectively "prosecutor defendants"); and

6    3.    Calaveras and Amador County Sheriffs Dennis Downden and Michael Prizmich,

7    Calaveras and Amador County court clerks Mary Beth Todd and Hugh Swift along with

8    Kathleen Morris (collectively "remaining defendants").[1]

9    The complaint refers to sections of the ADA and alleges that plaintiffs and the minor children

10    have learning disabilities. The gist of the complaint is to "call into question the judgments, orders and

11    processes rendered" in state court proceedings. The complaint references state criminal, child support

12    and tax collection actions apparently brought against plaintiffs. The complaint asks this Court to

13    intervene in the state proceedings.

14    **DISCUSSION**

15    **Standards For Screening**

16    "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

17    may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

18    *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua

19    sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S.

20    319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

21    745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

22    prior to service of process on defendants).

23    Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may

24    have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious,

25    fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

26    defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide:

27    _____

28    [1]    The judicial, prosecutor and remaining defendants will be referred to collectively as "defendants."

2

1  Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court

2  need not accept as true factual allegations in in forma pauperis complaints and may reject "completely

3  baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v.*

4  *Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

5      A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v.*

6  *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A

7  frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490

8  U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably

9  meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

10      The test for maliciousness is a subjective one and requires the court to "determine the . . . good

11  faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

12  *Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in

13  repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

14  of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

15  by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

16  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

17  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to

18  dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice

19  also can be inferred from a complaint containing untrue material allegations of fact or false statements

20  made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

21      A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

22  doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

23  relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

24  45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.

25  1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any

26  evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether

27  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

28  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development*

1  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

2       The face of the complaint reflects deficiencies and immunities to prevent plaintiffs from offering

3  evidence to support claims raised in the complaint.

### Jurisdictional Deficiencies

5       F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

6           (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
            contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
7           depends, unless the court already has jurisdiction and the claim needs no new grounds
            of jurisdiction to support it, (2) a short plain statement of the claim showing that the
8           pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
            seeks.

9

            . . .
10

11          (e)     Pleading to be Concise and Direct; Consistency.

12          (1)     Each averment of a pleading shall be simple, concise and direct.

13       A pleading may not simply allege a wrong has been committed and demand relief.  The

14  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

15  upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

16  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need

17  not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these

18  elements exist."  *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*

19  *v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading

20  policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements

21  of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

22  1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant

23  engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

24       The complaint fails to allege a proper basis for this Court's jurisdiction.  The complaint addresses

25  the handling of state court family law, criminal, and tax collection actions which appear to arise from

26  plaintiffs' family matters.  Domestic and family law matters, including divorce and custody, are state

27  courts' primary responsibility.  Federal courts are prevented to hear disputes under the "domestic

28  relations exception" to federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206

1   (1992); *Newman v. Indiana*, 129 F.3d 937 (7th Cir. 1997).  Core or ancillary proceedings stemming from

2   domestic relations or family law disputes fall within the exception.

3       The complaint seeks this Court's interference into family law and related disputes.  Pursuant to

4   *Ankenbrandt*, this Court finds that it is prevented to proceed with this action.  *Ankenbrandt*, 504 U.S.

5   at 703; *see also Allen v. Allen*, 48 F.3d 259, 261 n. 2 (7th Cir. 1995) (constitutional claim involving

6   custody dispute fits within domestic relations exception).

7       In addition, a federal court is not the proper forum to attack state court orders.  Federal courts

8   lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine.  *See*

9   *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of*

10  *Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983).  The *Rooker-Feldman* doctrine is based

11  on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of

12  the highest state courts for compliance with the federal Constitution.  *See Rooker*, 263 U.S. 413, 44 S.Ct.

13  149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303.  The doctrine provides that "lower federal courts do not

14  have jurisdiction to review a case litigated and decided in state court; only the United States Supreme

15  Court has jurisdiction to correct state court judgments."  *Gottfried v. Medical Planning Services*, 142

16  F.3d 326, 330 (6th Cir. 1998).  "This is equally true in constitutional cases brought under [28 U.S.C.] §

17  1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'"

18  *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).  "Federal district courts lack subject matter

19  jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably

20  intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288,

21  296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16).

22      Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state

23  courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably

24  intertwined" claims were not raised in state court.  *See District of Columbia Court of Appeals v.*

25  *Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

26  *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine

27  is jurisdictional).  A federal district court is a court of original jurisdiction and has no authority to review

28  final determinations of state courts.  *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.

1   1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221

2   (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be

3   appellate review of the state judgment in a United States District Court, based on the losing party's claim

4   that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997,

5   1005-1006 (1994).

6        In short, the complaint reveals no grounds to properly invoke this Court's jurisdiction.   An

7   attempt at amendment is unwarranted.

8                              **Deficiencies As To Claims**

9        F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim.  The complaint does not

10   adequately identify grounds for relief against the defendants to satisfy F.R.Civ.P. 8(a)(2).  The complaint

11   is rambling and disjointed and fails to provide any defendant fair notice and to state elements of a claim

12   plainly and succinctly.  The complaint fails to demonstrate that plaintiffs may pursue claims or seek

13   relief subject alleged in the complaint.  The pleading deficiencies prevent this Court from proceeding

14   on plaintiff's complaint and demonstrate that an attempt at amendment is unwarranted.  Plaintiffs

15   misguidedly attempt to abuse the ADA to seek this Court's improper interference into matters reserved

16   for state courts.

17                                **Judicial Immunity**

18        Under a longstanding rule, the judicial defendants are entitled to absolute immunity:

19        Few doctrines were more solidly established at common law than the immunity
         of judges from liability for damages for acts committed within their judicial jurisdiction,
20       as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 13 Wall 335,
         20 L.Ed. 646 (1872).  This immunity applies even when the judge is accused of acting
21       maliciously and corruptly, and it "is not for the protection or benefit of a malicious or
         corrupt judge, but for the benefit of the public, whose interest it is that the judges should
22       be at liberty to exercise their functions with independence and without fear of
         consequences.

23

24   *Pierson v. Ray*, 386 U.S. 547, 553-554, 87 S.Ct. 1213 (1967).

25        The Ninth Circuit Court of Appeals has explained:

26        Judges are absolutely immune from damages for judicial acts taken within the
         jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en
27       banc) (*Ashelman*).  Grave procedural errors or acts in excess of judicial authority do not
         deprive a judge of this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57, 98 S.Ct.
28       1099, 1104-05, 55 L.Ed.2d 331 (1978) (*Stump*).  A judge loses absolute immunity only

                                          6

1     when he acts in the clear absence of all jurisdiction or performs an act that is not judicial
      in nature. *See Forrester v. White*, __ U.S. __, 108 S.Ct. 538, 544-46, 98 L.Ed.2d 555
2     (1988); *Stump*, 435 U.S. at 356-57 & n. 7, 98 S.Ct. at 1105 & n. 7, *Ashelman*, 793 F.2d
      at 1075.
3

4     *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.*), cert. denied*, 488 U.S. 995 (1988).

5           In light of the absolute immunity for the judiciary, the complaint's claims against the judicial

6     defendants are supported neither in law nor fact to render them frivolous.  The complaint's meritless

7     allegations reflect a malicious intent to vex the judicial defendants.

8                                    **Prosecutorial Immunity**

9     _____Based on scattered factual fragments alleged in the complaint, the prosecutor defendants are

10    entitled to absolute prosecutorial immunity. State prosecutors are entitled to absolute prosecutorial

11    immunity for acts taken in their official capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430-431;

12    96 S.Ct 984 (1976); *Gabbert v. Conn*, 131 F.3d 793, 800 (9th Cir. 1997); *Gobel v. Maricopa County*, 867

13    F.2d 1201, 1203 (9th Cir. 1989).

14          In *Schlegel v. Bebout*, 841 F.2d 937, 943-944 (9th Cir. 1988), the Ninth Circuit Court of Appeals

15    provided guidance to determine the scope of prosecutorial immunity:

16                Our inquiry must center on the nature of the official conduct challenged, and not
            the status or title of the officer.  As a result, we must examine the particular prosecutorial
17          conduct of which [plaintiff] complains.  If we determine that the conduct is within the
            scope of [defendants'] authority and is quasi-judicial in nature, our inquiry ceases since
18          the conduct would fall within the sphere of absolute immunity.

19                To determine whether conduct of a state official is within his or her authority, the
            proper test is not whether the act performed was manifestly or palpably beyond his or her
20          authority, but rather whether it is more or less connected with the general matters
            *committed* to his or her control or supervision. . . .
21
                  Absolute immunity depends on the function the officials are performing when
22          taking the actions that provoked the lawsuit.  We must look to the nature of the activity
            and determine whether it is "intimately associated with the judicial phase of the criminal
23          process." . . . Investigative or administrative functions carried out pursuant to the
            preparation of a prosecutor's case are also accorded absolute immunity.  (Emphasis in
24          original; citations omitted.)

25    Determining whether a prosecutor's actions are immunized requires a functional analysis.    The

26    classification of the challenged acts, not the motivation underlying them, determines whether absolute

27    immunity applies.  *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986)(en banc).

28          Prosecutors and other eligible government personnel are absolutely immune from section 1983

                                              7

damages in connection with challenged activities related to the initiation and presentation of criminal prosecutions. *Imbler*, 424 U.S. 409; *see also Kalina v. Fletcher*, 118 S.Ct. 502, 507 (1997); *Gabbert*, 131 F.3d at 800; *Roe v. City of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997); *Gobel*, 867 F.2d at 1203. "[A]bsolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810 (1985). Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Further activities intimately connected with the judicial phase of the criminal process include making statements that are alleged misrepresentations and mischaracterizations during hearings and discovery and in court papers, *see Fry v. Melaragno*, 939 F.2d 832,837-838 (9th Cir. 1991), and conferring with witnesses and allegedly inducing them to testify falsely, *see Demery*, 735 F.2d at 1144.

Here, the prosecutor defendants are entitled to absolute immunity for prosecutorial actions. The prosecutorial immunity bars plaintiffs' claims to render futile further attempt to amend the complaint.

### **Further Immunity**

Defendants are entitled to immunity under the Eleventh Amendment[2] to the federal Constitution, which provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of

---

[2]     This Court is aware of 42 U.S.C. § 12202 which clearly does not apply to the state court proceedings subject to the complaint.

8

1   other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert.*

2   *denied*, 503 U.S. 938 (1992)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44,

3   116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

4   144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).

5        The Eleventh Amendment bars suits against state agencies as well as those where the state itself

6   is named as a defendant. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S.

7   139, 144 (1993); *Natural Resources Defense Council v. California Dept. of Transportation*, 96 F.3d 420,

8   421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *see also Lucas v. Department of Corrections*, 66 F.3d 245,

9   248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*,

10  880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to

11  Eleventh Amendment immunity).

12       The Eleventh Amendment's bar to actions against states and their entities in federal courts

13  provides further grounds that plaintiff can not maintain claims against the state court.  The complaint

14  alleges no conduct that falls outside the scope of the immunities.  This Court finds that the state courts

15  and their judges and personnel are immune from suit as they performed functions intimately associated

16  with the judicial process and/or were a state agency.  *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D.

17  Cal. 1984); 28 U.S.C. § 1915A(b)(2).

18       The complaint alleges no conduct that falls outside the scope of immunity.

19                                  **Malice**

20       This Court is concerned that plaintiffs have brought this action in absence of good faith and

21  attempt to vex defendants because they are disgruntled with the outcome of state court proceedings.

22  Such attempt to vex defendants provides further grounds to dismiss plaintiff's complaint.

23                        **CONCLUSION AND ORDER**

24  _____For the reasons discussed above, this Court RECOMMENDS to DISMISS plaintiff's complaint

25  without prejudice on grounds: (1) this Court lacks jurisdiction over the complaint's claims; (2) the

26  complaint fails to state a claim upon which relief may be granted; (3) an attempt at amendment is

27  unwarranted based on jurisdictional defects, available immunities and defenses, and the complaint's

28  deficiencies; and (4) the complaint lacks good faith and exhibits plaintiff's intent to vex defendants.

1   This Court further RECOMMENDS to DIRECT this Court's clerk to return to plaintiffs the voluminous

2   exhibits filed with their complaint to avoid overburdening this Court's record.

3   These findings and recommendations are submitted to the United States district judge assigned

4   to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than

5   March 20, 2006, plaintiffs may file written objections to these findings and recommendations with the

6   Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b).

7   Such a document should be captioned "Objections to Magistrate Judge's Findings and

8   Recommendations."  The district court will then review the magistrate judge's ruling, pursuant to 28

9   U.S.C. § 636(b)(1)(c).  Plaintiff is admonished that failure to file objections within the specified time

10  may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  **Plaintiffs are admonished not to attempt to file an amended complaint as plaintiff's**

12  **recourse is to object to these findings and recommendations.  Plaintiffs are further admonished**

13  **this Court will strike any papers to attempt to file an amended complaint unless this Court**

14  **specifically grants plaintiffs permission to file an amended complaint.**

15  IT IS SO ORDERED.

16  **Dated:    March 3, 2006**                    /s/ Lawrence J. O'Neill
    66h44d                                UNITED STATES MAGISTRATE JUDGE

10