IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BRUMBAUGH, et al., | CASE NO. CV F 06-0225 AWI LJO |
| Petitioners, | **ORDER TO ADOPT FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| CALIFORNIA SUPERIOR COURT IN AND FOR THE COUNTIES OF AMADOR, CALVERAS AND SANTA CLARA, et al, | |
| Respondents. | |

**INTRODUCTION**

On February 27, 2006, Allen Brumaugh and Andrew Roy Morris (collectively "plaintiffs") filed voluminous papers, including a document styled as an ex parte petition for writs ("complaint") which has been construed as a complaint to seek to undo state court orders and proceedings by reference to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. According to the complaint, Allen Brumaugh purports to pursue claims for his two minor children ("minor children") identified only by initials. The complaint's caption lists numerous California courts, agencies and officials along with officials of Calaveras and Amador counties. However, the complaint specifically identifies the following as "real parties of interest" and whom have been construed as defendants:

1. Calaveras and Amador County Superior Court judges John E. Martin, Richard K. Specchio, Donald Howard, Susan C. Harlan, David Richmond, James Bosco and

1

Douglas V. Mewhinney (collectively "judicial defendants");

2. Calaveras and Amador County district attorneys, deputy district attorneys and investigators Todd D. Riebe, Jeffrey Tuttle, Milton Matehak, Lon D. Hamburger and Ronald Rios and Calaveras County Counsel James C. Jones and Calaveras County Assistant Counsel David E. Sirias (collectively "prosecutor defendants"); and

3. Calaveras and Amador County Sheriffs Dennis Downden and Michael Prizmich, Calaveras and Amador County court clerks Mary Beth Todd and Hugh Swift along with Kathleen Morris (collectively "remaining defendants").[1]

The complaint refers to sections of the ADA and alleges that plaintiffs and the minor children have learning disabilities. The gist of the complaint is to "call into question the judgments, orders and processes rendered" in state court proceedings. The complaint references state criminal, child support and tax collection actions apparently brought against plaintiffs. The complaint asks this Court to intervene in the state proceedings.

The magistrate judge issued March 6, 2006 findings and recommendations to dismiss this action without prejudice on grounds: (1) this Court lacks jurisdiction over the complaint's claims; (2) the complaint fails to state a claim upon which relief may be granted; (3) an attempt at amendment is unwarranted based on jurisdictional defects, available immunities and defenses, and the complaint's deficiencies; and (4) the complaint lacks good faith and exhibits plaintiffs' intent to vex defendants. The magistrate judge further recommended to direct this Court's clerk to return to plaintiffs the voluminous exhibits filed with their complaint to avoid overburdening this Court's record. On March 16, 2006, plaintiffs filed objections to the findings and recommendations.

## CONCLUSION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. After evaluating the record, this Court finds the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Accordingly, this Court:

---

[1] The judicial, prosecutor and remaining defendants will be referred to collectively as "defendants."

1.     ADOPTS in full the magistrate judge's March 6, 2006 findings and recommendations;

2.     DISMISSES this entire action without prejudice on grounds that: (1) this Court lacks jurisdiction over the complaint's claims; (2) the complaint fails to state a claim upon which relief may be granted; (3) an attempt at amendment is unwarranted based on jurisdictional defects, available immunities and defenses, and the complaint's deficiencies; and (4) the complaint lacks good faith and exhibits plaintiffs' intent to vex defendants; and

3.     DIRECTS this Court's clerk to return to plaintiffs the voluminous exhibits filed with their complaint and to close this action.

IT IS SO ORDERED.

**Dated:**   **September 2, 2006**                   **/s/ Anthony W. Ishii**
0m8i78                                            UNITED STATES DISTRICT JUDGE